FOSTER, Administrator of NAVE, *v.* POTTER and Others.

REVIEW. — PRACTICE. — Complaint by the defendant to review a judgment rendered against him by default in the *Fountain* Circuit Court. After the complaint was answered, the court set aside the default and judgment, on motion, and allowed an answer to be filed in the original cause. After this last answer was filed, the venue of the action for review was changed to the *Tippecanoe* Circuit Court, and, in the latter court, a motion was made and sustained to strike out the answer filed in the original ʿcause, and to vacate the order setting aside the default and judgment. Leave was then granted to amend the complaint for review, and, upon the amended complaint, an order was entered setting aside the original judgment. A demurrer was then sustained to the original complaint, and final judgment rendered for the defendant.

*Held*, that the *Tippecanoe* Circuit Court had authority to act upon the motion to vacate the order of the *Fountain* Circuit Court, setting aside the judgment.

*Held*, also, that the order of the *Fountain* Circuit Court, setting aside the judgment, was erroneous, first, because at the time the order was made on mere motion, there was an issue of fact pending upon the complaint for review; and, secondly, because the complaint for review, if regarded as a motion for relief, under section 99 of the code, came too late, more than one year having elapsed since the rendition of the judgment.

*Held*, also, that though the original complaint for review did not make a case which would have authorized a review of the judgment, but, at most, only disclosed facts which would have entitled the party to relief on motion within one year, still, as it purported on its face to be a complaint for review, and was so treated by the parties, by changing the venue, it must be held to have been a proceeding under the statute for the review of a judgment, and, hence, leave was properly granted to amend the complaint.

APPEAL from the *Tippecanoe* Circuit Court.

FRAZER, J. — This was a complaint praying for a review of a judgment rendered by default in the *Fountain* Circuit

Court, in favor of *Nave*, against the appellees.   Upon this complaint, after it was answered, the *Fountain* Circuit Court set aside the default and judgment, on motion, and let the defendants to the judgment in to plead to the complaint in that case.   They then answered the complaint in the original cause, after which, as we read the record, the venue in the case for review was changed to the *Tippecanoe* Circuit Court.   In the latter court, a motion was sustained to strike out the answer filed in the original cause, and to vacate the order setting aside the original judgment.   Thereupon, the plaintiffs in the complaint for review, obtained leave to amend that complaint, "so as to make it a complaint for review," in the language of the record.   A demurrer to the complaint so amended was overruled, and, upon a refusal to answer further, the court reversed and set aside the original judgment.   A demurrer was then filed to the complaint in the original cause, which was sustained, and final judgment rendered thereon. *Nave* appealed, and having since died, his administrator prosecutes the appeal.

The appellant presents for our consideration the question, whether the *Tippecanoe* Circuit Court erred in giving leave to amend the complaint for review, and the appellee, by a cross-error, questions the action of that court in setting aside the order of the *Fountain* Circuit Court, vacating the original judgment.   It will be seen, therefore, that we are not called upon to consider some very novel questions which might have been raised upon the record before us.

After the *Fountain* Circuit Court had vacated the judgment sought to be reviewed, on motion in the case for review, there was little else to be accomplished by that case. A judgment for the costs of it only remained to be rendered to bring it to a close.   But before that was done, the venue was changed, an affidavit therefor having been waived.   Upon reaching the *Tippecanoe* Circuit Court, it was surely proper for that court to act upon a motion to set aside the order which had been irregularly made to

vacate the original judgment. When that order was made on mere motion, there was an issue of fact pending upon the complaint for review. Besides, the facts contained in that complaint were not sufficient, if true, to justify a review. If the complaint be regarded as a motion for relief, under section 99 of the code, from the consequences of excusable neglect, (and nothing else was averred therein,) then the action of the *Fountain* Circuit Court was unauthorized, because it was not done within a year from the rendition of the original judgment. If the venue had not been changed, it can hardly be doubted that that court might have corrected its own mistake, and it is equally clear that the court to which the venue was changed was possessed of the same power. This disposes of the question presented by the appellee.

When the *Tippecanoe* Circuit Court set aside the irregular order of the *Fountain* Circuit Court, the case was then before it, as if that order had never been made, and the authority of the court to give leave to amend the complaint is expressly conferred by sections 97 and 591 of the code.

But it is contended that the proceeding brought to *Tippecanoe* county was an application for relief under section 119, and that the amendment made, introducing new matter, making a proper case for review, was, in fact, the commencement of a suit for review, which must have been commenced in the court where the original judgment was rendered, and could not be plainted in the *Tippecanoe* Circuit Court. 2 G. & H. 279. We cannot adopt that view of the complaint filed in the *Fountain* Circuit Court. It is true, as already stated, that the facts averred in it were not sufficient to obtain a review ; at most, they would have only justified an application for relief under section 99. But that application is summary, by mere motion, upon a necessary showing, requires no complaint or pleadings, is made in the original cause, and, inasmuch as there could be no trial by jury upon it, there could be no foundation for a change of venue to another county, upon

the application of either party. In this case, the complaint purported on its face to be for a review, and such was its prayer; both parties treated it as such by making up issues, and the appellant by moving for, and obtaining, a change of the venue, and by removing to *Tippecanoe* county the record of this, as a separate cause. Under such circumstances, we think that we must regard it, not as a mere motion in the original cause, but as an action for review. That the complaint did not state sufficient facts for the purpose for which it was intended, cannot, we think, justify us in holding that the cause was different from what it purported to be, and from what the appellant himself treated it as being, though it is true, as appears from the record, that the appellees, at times, regarded it as a mere motion. In this view, it is quite apparent that the action of the *Tippecanoe* Circuit Court, in allowing the amendment, was not erroneous.

The judgment is affirmed, with costs.

*J. M. La Rue* and *A. J. Roush*, for appellant.

*S. A. Huff* and *R. Jones*, for appellee.