WILLIAM LAMB v. MICHAEL WOGAN

[FILED JULY 11, 1889.]

**Homestead.** O. was the owner of a homestead on which he lived with his wife and her several grown sons and daughters by a former marriage. Owing to ill treatment by O. of the family, and especially of the daughters, the family left the homestead and went to a distant part of the county, where they remained, the wife and mother going with them and remaining with them for the most part until the death of O., but several times returning and remaining at the homestead for longer or shorter lengths of time; at one time, when O. was sick, for about three weeks. O. remained on the homestead for a year, more or less, after the departure of the family, when on account of illness he was removed to a hospital at the county seat, where he died. *Held,* That upon the death of O. the widow, Bridget O'Brien, became vested with a life estate in the homestead.

ERROR to the district court for Platte county. Tried below before POST, J.

*M. Whitmoyer,* and *Sullivan & Reeder,* for plaintiff in error, cited: *Dickman v. Birkhauser,* 16 Neb., 686.

*George C. Bowman,* for defendant in error.

COBB, J.

This action was brought by the plaintiff in error in the district court of Platte county in the nature of ejectment for the recovery of land, and to this court for review on error.

The plaintiff alleges that he has a legal estate in, and is entitled to, the possession of the southeast quarter of the northeast quarter, and the northeast quarter of the southeast quarter of section eight, township seventeen, range one west, containing eighty acres in said county, and since January, 1885, the defendant has unlawfully kept, and still

keeps the plaintiff out of the possession thereof; that while in the unlawful possession of the premises the defendant has received the rents and profits thereof, from said date to the commencement of this suit, amounting to $100, and has applied the same to his own use, to the plaintiff's damage in that sum; with prayer for judgment of the right of possession, and for damages for the rents and profits stated.

The defendant answered, denying each and every allegation of the plaintiff. There was a trial to the court, a jury being waived, with findings for the plaintiff and judgment for the recovery of the plaintiff's right of possession of the lands described, with five cents damages, and costs of suit. Whereupon the defendant demanded another trial of the action, and a jury being waived, and the cause being again submitted to the court, it was found that the defendant was entitled to the possession of the premises, under a conveyance of Bridget O'Brien. The plaintiff's motion for a new trial being overruled, judgment was entered for the defendant, dismissing the action, and for costs. The plaintiff in error assigns the following grounds for review:

1. That the findings and decision of the court are not sustained by sufficient evidence, and are contrary to law.

2. Errors of law at the trial, and excepted to by the plaintiff.

3. Error in overruling plaintiff's motion for a new trial.

4. Error in entering judgment for the defendant.

The only question presented by the record, in this case, and argued by counsel for plaintiff in error, in the brief, is one of fact. The question raised is whether Bridget O'Brien, wife of David O'Brien, had, previous to the death of her husband, voluntarily abandoned him, and their homestead in which they resided, with the intent of renouncing her marital relations with him, permanently. If she had, then the contention of the plaintiff in error is well founded;

but otherwise if she had not. The only case cited by counsel is that of *Dickman v. Birkhauser*, 16 Neb., 686, where the court says, in the syllabus: "Where a wife voluntarily abandoned her husband several years before his death, purchased lots in her own name, erected a house thereon in which she had her home: *held*, that upon his death she could not claim the homestead of her late husband as her own," etc.

There was considerable conflicting evidence on the trial, as shown by the bill of exceptions, but the undoubted weight of evidence was to the effect that the land in question was the homestead of David O'Brien; that he lived upon it for at least a year prior to his last sickness; that during the year, and for a longer time to April 1, preceding the fall of the year when his fatal sickness commenced, his wife, Bridget O'Brien, together with several sons and daughters, by a former marriage, lived with him as a part of his family; that about April 1, 1882, or 1883 (the evidence is doubtful as to the year of separation, and of the husband's death), his treatment of his family, and especially that towards the daughters of his wife, his stepdaughters, was such as to render it impossible for them to live with him. The family, taking some portion of the household goods and personal property, left the homestead and went to another residence in the northern part of Platte county. Here the young people remained, continuously, thereafter. Whether they there took up land, or established a permanent home of their own, does not appear. But, however, they lived there and their mother remained with them, for the most part, up to the time of the death of David O'Brien, though she made frequent journeys back to the homestead as long as she remained there, and subsequently. It also appears that O'Brien, with the defendant in this case, continued to occupy the homestead until sometime in the fall of the same year in which the members of the family had left it; the health of O'Brien becoming bad,

and his life precarious, during a portion of the summer season, was reckoned dangerous as cold weather approached, and he was removed to a hospital at Columbus, dying there sometime in the following spring.

There is evidence that during his sickness at the homestead his wife, Bridget O'Brien, visited him on several occasions, at one time spending three or four weeks, until his temporary improvement was reached; also, that after his removal to the hospital she went there, and if she failed to see him and remain for some time, it was because she was prevented from so doing by the inflexible rules of the fraternity of the hospital.

Upon the evidence in the case the trial court doubtless found that the wife, Bridget O'Brien, never voluntarily abandoned the homestead, or, in law, did not abandon it as a claimant in possession.

In this finding I think the court simply followed the rules of evidence, and could not have found otherwise.

The judgment of the court below is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.