HOFFERBERT v. WILLIAMS ET AL.

[No. 4,706.   Filed March 16, 1904.]

NEW TRIAL AS OF RIGHT.—*Trespass.*—*Slandering Title.*—*Prayer for Injunction.*—*Quieting Title.*—Where the complaint charges continuous and repeated trespass by driving over the land with teams, that the defendants claim title or an interest in the land adverse to plaintiff's title and right to enter thereon, and deny plaintiff's title thereto, which claim and denial of title is repeated and circulated, to plaintiff's damage, and which prevents the sale of the real estate, and constitutes a cloud thereon, and such trespasses are a continuing injury to the plaintiff's possession, to his damage, and praying for a recovery of damages in a named sum, and for a decree perpetually enjoining the defendants from trespassing on such real estate, or interfering with plaintiff's possession or slandering his title, and for a decree quieting his title, a new trial as of right can not be granted.   *pp. 594–598.*

SAME.—*Action to Quiet Title.*—*Common Law Trespass on Land.*—Where in a suit to quiet title the complaint contains distinct averments peculiarly applicable to a common law action for trespass on land, a new trial as of right should be denied.   *p. 598.*

SAME.—*Setting Aside Order Granting New Trial.*—*Waiver.*—After a new trial has been erroneously granted, an amended complaint filed and issue joined, the court may strike out the amended complaint and the answer thereto, set aside the order granting a new trial, and reinstate the original judgment. By appearing and making up the issues the defendant does not waive his right to insist that such a course be followed.   *p. 599.*

From Huntington Circuit Court; *J. T. Cox*, Special Judge.

Action by William P. Hofferbert against John W. Williams and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*M. L. Spencer* and *W. A. Branyan,* for appellant.

*C. W. Watkins* and *H. C. Morgan,* for appellees.

BLACK, J.—The appellant was the plaintiff, and in his complaint it was stated that he was the owner in fee simple and in possession of a tract of land in Huntington county, particularly described, containing about five and one-half acres; that the appellees "continuously and repeatedly trespass thereon by driving over the same with teams and vehicles without plaintiff's consent, and over his objection, and that they claim some title or interest therein adverse to plaintiff's title, and the right to enter thereon, and deny plaintiff's title thereto, which claim and denial of title is repeated and circulated, to plaintiff's damage in the sum of $100, and which prevents the sale of plaintiff's said real estate, and constitutes a cloud thereon, and such trespasses are a continuing injury to plaintiff's possession, to his damage in the sum of $100. Wherefore plaintiff asks judgment for $200 damages, and for a decree perpetually enjoining said defendants, and each of them, from trespassing on plaintiff's said real estate, or interfering with plaintiff's possession, or slandering plaintiff's title, and that he also have a decree quieting his title to said real estate, and for all other proper relief." The issue formed on this complaint was tried by jury, the verdict being for the appellees; whereupon, on a subsequent day of the same term, judgment was rendered that the appellant take nothing by his suit herein, and that the appellees recover of him their costs. On the next following day, upon his motion made orally and bond filed by the appellant, the court ordered a new trial as of right. At a subsequent day of the same term, the appellant filed an amended complaint in which he alleged "that he is the owner in fee simple and in the possession of a tract of land situate in said county [describ-

ing it] ; that the defendants claim that said land was, prior to plaintiff's purchase thereof, dedicated by his grantors to the public for use by the public as a highway, and said defendants persist in such use and such claim, which use is wrongful, and such claim is false and injurious to the plaintiff, and a cloud upon his title which prevents the sale thereof, to the damage of the plaintiff in the sum of $100. Wherefore plaintiff asks judgment and a decree of the court quieting his title to said real estate, and for $100 damages for interfering with his possession and title, and for all other proper relief." The appellees answered this amended complaint by general denial, and at a subsequent term the court, upon the motion of the appellees, struck out the order granting a new trial as of right. This action of the court is questioned on appeal.

The statute provides for the granting of a new trial as of right in actions for the recovery of the possession of real estate, and also in actions for determining and quieting the question of title to real estate, brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to or interest in the real estate adverse to the plaintiff, although the defendant be not in possession.

The question whether the appellant was entitled to a new trial as of right may be determined by deciding upon the character of his original complaint. Whatever may be said of the amended complaint filed after the granting of the new trial, he can not complain of the action of the court depriving him of a new trial, without cause shown therefor, if the issue tried was not such as to entitle him to such additional trial. The tendency of the decisions is not to extend the terms of the statute allowing new trials as of right to cases other than those clearly falling within its provisions. *Butler University* v. *Conard*, 94 Ind. 353. In that case it was held that where a cause of action to quiet title to real estate, or to recover possession thereof, is improperly joined

with a cause of action in which a new trial as of right is not allowable, the law as to new trials relating to causes of action of the latter class should govern, and a new trial as of right should not be granted.

In *Bradford* v. *School Town of Marion,* 107 Ind. 280, it was said: "If the judgment was for the defendant generally, and was an adjudication of all the issues presented, then, since the parties saw fit to litigate causes of action which were improperly joined, in some of which either party would have been entitled to a new trial as of right, with an action for damages, in which a new trial as of right was not allowable, the order granting a new trial was improperly made, and that which set it aside was correct."

A new trial as of right will not be granted where title to real estate is but incidentally involved. *Davis* v. *Cleveland, etc., R. Co.,* 140 Ind. 468; *Thompson* v. *Kreisher,* 148 Ind. 573.

In *Wilson* v. *Brookshire,* 126 Ind. 497, 9 L. R. A. 792, the rule is said to be that when a cause proceeds to judgment, which embraces a substantive cause of action, in which a new trial as a matter of right is not allowable, then, even though it embraces other causes in which a new trial as of right is allowable, the policy of the law is to regard that cause of action as controlling in which a second trial as of right is not permitted.

Where the action was originally one for injunction and damages, and so continued to the end, and there was a supplemental complaint seeking damages and possession, also a cross-complaint to quiet title, it was held that a new trial as of right could not properly be demanded. *Richwine* v. *Presbyterian Church,* 135 Ind. 80. See, also, *Taylor* v. *Calvert,* 138 Ind. 67.

In *Bennett* v. *Closson,* 138 Ind. 542, it was held that if two or more substantive causes of action proceed to judgment in the same case, whether properly or improperly joined, if one of them would entitle the losing party to a

new trial as of right, and the other would not, a new trial as of right will not be granted. See, also, *Jones* v. *Peters*, 28 Ind. App. 383.

In *Nutter* v. *Hendricks*, 150 Ind. 605, where a paragraph of complaint seeking damages for trespass and an injunction was joined with another paragraph for the recovery of the possession of real estate, and the cause went to finding and judgment on both paragraphs, it was held that a new trial as of right was not demandable. The court said that "if the whole case made by the complaint is not one to recover possession of, or to quiet title to real estate, or both, then a new trial without cause shown is not provided for or allowed by law." See, also, *Seisler* v. *Smith*, 150 Ind. 88.

In *Atkinson* v. *Williams*, 151 Ind. 431, it was held that where the complaint, judging from its general scope and tenor, sought only the recovery of damages for an alleged trespass to real estate and an injunction to prevent the threatened continuation of the same, on the ground that the plaintiff had no other adequate remedy, neither party was entitled to a new trial as of right.

The amended complaint filed after the granting of the new trial as of right showed that the appellees were merely claiming that the real estate in question was a public highway, and were using it as such, and did not show that they were claiming or exercising any private title or interest in the real estate. An apparent purpose of the amended complaint was to prevent the future use by the appellees of the real estate as a highway, and their claiming the right to such use, and to recover damages for such past "interfering" with the appellant's "possession and title." In *Miller* v. *City of Indianapolis*, 123 Ind. 196, the complaint against the city and others alleged that the plaintiff was the owner of real estate described; that the defendants had unlawfully, wrongfully, illegally, and forcibly taken possession of the same, and, without having condemned the same, were threatening to do great and irreparable damage to the same,

in that they were threatening to cut down the trees and vines thereon, and to plow the land and grade it, and to make a street over and upon it, without leave or license from the plaintiff, and with full notice that the plaintiff was the owner thereof, and under a claim that the real estate was a public street of the city; the prayer being that, as against the defendants, the plaintiff's title be quieted, and that the defendants be enjoined. It was held that there was no error in overruling the plaintiff's application for a new trial as of right. It would seem that if a plaintiff, after his application for a new trial as of right has been sustained, so amends his complaint as to present a cause of action as to which the statutory provision for the granting of a new trial as of right would not be applicable, there could be no error in setting aside the order so granting him a new trial. However this may be, in the original complaint it was not sought to recover compensation or damages for use and occupation, or for deprivation of possession. It was alleged that the appellant was in possession. There was a substantive charge of trespass—an injury to the possession—and the plaintiff demanded a judgment for damages for trespass, and a decree enjoining the appellees from trespassing on the real estate or interfering with the appellant's possession.

Though there were intermixed in the pleading general and formal allegations proper for a complaint in a statutory action to quiet title, there were included, not merely as incidental to such an action, but distinctly, averments peculiarly applicable to a common law action for trespass on land. We need not determine whether or not another common law cause of action also was stated. It is true that in an action for ejectment the plaintiff may, as a statutory incident, recover in the same action for use and occupation for six years next before the commencement of the action, but a distinct cause of action as at common law for trespass on land is not an incident to an action for possession or to quiet title.

Hofferbert *v.* Williams.

If the cause of action for trespass had been set forth in one paragraph, and the averments peculiar to the statutory action to quiet title had been set forth alone in another paragraph, it could not be doubted that the appellant would not be entitled to a new trial as of right, provided by the statute only for actions of ejectment and actions to quiet title; and we think no such advantage should accrue to a plaintiff merely because he has intermingled in one paragraph a cause of action for which such a new trial is provided with another distinct cause of action, as to which he can obtain a new trial only upon a showing of sufficient cause as provided by another statute.

Counsel for the appellant seem to be of the opinion that by failing to except to the order granting a new trial as of right when the order was made, or afterward during the term, the appellees waived objection to the order, and that by filing an answer to the amended complaint, and by agreeing in open court to a day for trial, and by asking a continuance, without objecting to the granting of a new trial, the appellees were estopped to claim that the order was erroneous. The appellees have not appealed, assigning as error the action of the court in granting the new trial; but the appellant has taken upon himself the *onus* of establishing that the court erred to his prejudice in setting aside an order for a new trial, not yet entered upon, to which he had no right, but by which the right of the appellees under a judgment duly rendered in their favor was put in jeopardy without any sufficient cause. Unless we could say that the appellant was entitled to a new trial without the assignment of any cause therefor, because of the character of the issues involved, we can not hold that the court might not properly set aside its erroneous order when the appellees thus, for the first time, assailed it for the protection and reinstatement of their judgment.

Judgment affirmed.