# Trook *v.* Trook et al.

[No. 9,287.   Filed January 4, 1916.   Rehearing denied October 5, 1916.   Transfer denied December 14, 1916.]

1.  New Trial.—*New Trial as of Right.—When Granted.*—In an action seeking to have a trust in land declared and an accounting by defendant for rents and profits, wherein defendant by cross-complaint asked to have his title quieted to the land involved, but the decree rendered did not grant such relief, defendant was not entitled to a new trial as of right.   p. 276. •

2.  New Trial.—*New Trial as of Right.—Joinder of Causes in Same Case.*—Where two causes of action are joined and proceed to judgment in the same case, in one of which a new trial as of right is allowable, and in the other it is not, the statute is not applicable, and a new trial as of right will not be granted.   p. 277.

3.  New Trial.—*New Trial as of Right.—Vacating Order for.*—Where a motion for a new trial as a matter of right is improperly sustained, the same court may thereafter vacate the order.   p. 278.

4.  Courts.—*Superior Courts.—Jurisdiction.—Setting Aside Order for New Trial Made by Circuit Court.*—Where an order for a new trial as a matter of right was made by the Grant Circuit Court

and the cause was thereafter transferred to the Grant Superior Court on change of venue, the latter had authority to inquire into the correctness of the order for a new trial and to vacate the same if improperly granted. pp. 278, 279.

5. NEW TRIAL.—*New Trial as of Right.—Joinder of Several Causes of Action.*—A complaint seeking to have a trust declared in land and asking also for an accounting by the defendant for rents and profits states two substantive causes of action and if the first mentioned cause so involves the questions of title and possession that, if standing alone, defendant would be entitled to a new trial as of right, such right is properly denied where, as in this case, both causes have proceeded to judgment; since a new trial as of right is not permissible in a suit for an accounting. p. 280.

6. APPEAL.—*Rehearing.—New Question.*—Where appellant on rehearing seeks for the first time to challenge the complaint as being insufficient under the statute relating to the creation of trusts in real estate, such question cannot be considered. p. 281.

From Grant Superior Court; *Robert M. VanAtta,* Judge.

Action by Orrin H. Trook against William H. Trook and others. From an order of the superior court of Grant County setting aside an order for a new trial as of right made by the circuit court before a change of venue, the defendant named appeals. *Affirmed.*

*Woodson S. Marshall, George A. Henry, Wilson D. Lett, John A. Kersey* and *Meyers & Gates,* for appellant.

*Marshall Williams, G. D. Dean* and *Blacklidge, Wolf & Barnes,* for appellees.

MORAN, J.—On July 8, 1910, appellee Orrin H. Trook commenced an action in the Grant Circuit Court against his coappellee, Richard M. Crouch, and appellant, William H. Trook. From the complaint it appears that appellee Crouch was the owner of several tracts of land in Miami and Grant counties, Indiana, which were heavily incumbered. One Milton Shirk held a mortgage on all of said real estate, and appellee Orrin H. Trook held a mortgage on a part of the same, which was a prior lien to the Shirk

mortgage as to the real estate covered. Prior to February 8, 1898, appellee Crouch entered into an agreement with Shirk, by which Shirk was to foreclose his mortgage, purchase the real estate, and hold the title under certain conditions for Crouch. While the foreclosure proceedings were pending, and on the date last mentioned, appellee Crouch and wife entered into an agreement with appellee Orrin H. Trook whereby his mortgage was to be foreclosed in connection with the foreclosure of the Shirk mortgage as junior, although it was senior, as to the real estate included therein. In consideration thereof, appellees, Crouch and Orrin H. Trook, were to own the rest of the real estate or proceeds derived therefrom in common after the payment of an indebtedness of some $14,000, which included the mortgages and other indebtedness owing by Crouch. Part of the real estate was platted into lots as an addition to the town of Converse, Indiana, and by the agreement Crouch was to sell the part platted into lots, or so much as was necessary to discharge the indebtedness, the money derived from the sale of the lots to be placed in bank at Converse in the name of Crouch as trustee for Orrin H. Trook and Shirk. Pursuant to the agreements the mortgages were foreclosed and the real estate sold at sheriff's sale; the certificate of purchase of the various tracts of real estate were taken in Shirk's name. Thereafter Crouch sold several of the lots and applied the proceeds to discharge the liens. The transfer of the title to the lots sold was by assignment of the certificates of purchase held by Shirk at the request of Crouch and Orrin H. Trook. After part of the liens specified were discharged, the balance of the real estate by assignment of the sheriff's certificate passed to one Wilson with the consent of Orrin H. Trook and Crouch, under an agreement that Wilson was to convey said real estate thereafter to Crouch and Trook or to whomsoever they directed, after Wilson's indebtedness to the amount of $1,200 was paid, and Wilson was to hold the real estate in trust for

Orrin H. Trook and Crouch. Orrin H. Trook and Crouch turned over to appellant, William H. Trook, as their attorney, the sum of $1,500, which was used by him as far as necessary to discharge the Wilson indebtedness, and thereupon he took the conveyance of the real estate in his own name from Wilson, as trustee for his clients, which real estate consisted of several lots in Central Park addition to Converse, Indiana, together with two tracts of farming land. While he was holding the real estate as trustee for said parties he acquired certificates of purchase at tax sales for many of the lots. The money to purchase the same was furnished by Crouch and Orrin H. Trook. After taking the title as trustee, William H. Trook collected rent and failed to account for the same, disposed of lots without the consent of the owners and denied holding the real estate as trustee, and offered the real estate for sale. A trust was asked to be declared in favor of appellees, Orrin H. Trook and Crouch, that he be ordered to convey the same to appellees, Orrin H. Trook and Crouch, and to account for the moneys collected for rent and the sale of lots; and that a receiver be appointed during the pendency of the litigation. The pleading embodying these facts was verified. Appellee Crouch refused to join with Orrin H. Trook as a party plaintiff, but filed a cross-complaint, which set up practically the same facts and asked the same relief.

Appellant, William H. Trook, filed a cross-complaint setting up that he was the owner of the real estate described in the complaint and asked that the title to the real estate be quieted in him. The issues being closed as to the complaint and cross-complaints by answers of general denial by the respective parties, a trial resulted in judgment for appellees, Orrin H. Trook and Crouch, that they were the owners of the real estate described in their pleadings and were entitled to the immediate conveyance from William H. Trook, as their trustee; that he had no right or title to the real estate, except as held for the benefit of Orrin H.

Trook and Richard M. Crouch, and that they were entitled to recover the rents and profits that accumulated, less any credits due William H. Trook as trustee; that they were entitled to recover the sum of $312 of the Flint Elevator Company, which was made a party to the action, the value of grain sold from the real estate. That Orrin H. Trook was indebted to Richard M. Crouch under their agreement, and that certain real estate was set off to Crouch and certain other real estate to Orrin H. Trook and Crouch as tenants in common, the division being made as agreed by them, and that appellant, William H. Trook, convey to Crouch certain real estate, and convey jointly to Orrin H. Trook and Richard M. Crouch certain real estate within ten days from July 1, 1911, and William H. Carroll was appointed commissioner to make the conveyance if not made within that time. Judgment was rendered against appellant on his cross-complaint.

A new trial as of right was granted appellant and thereupon the cause was transferred from the circuit court to the Grant Superior Court. At the October term of the Grant Superior Court, on motion of Orrin H. Trook and Richard M. Crouch, the order granting the new trial as of right was set aside, and the decree and judgment of the circuit court was in all things restored, on the ground that the cause was one in which a new trial as of right was not demandable. The several errors assigned by appellant all go to the right and authority of the court to set aside the order granting a new trial as of right.

The complaint of appellee Orrin H. Trook, and the cross-complaint of appellee Richard M. Crouch, clearly disclose that appellant held the title to the real estate

1. described in the pleadings as trustee for the use and benefit of appellees, Trook and Crouch, and paid no consideration therefor, and, while he held the title as trustee, he sold a portion of the same, and collected rent for

a part occupied by tenants. For the money received from real estate sold and rent collected from tenants an accounting was asked, and that a trust be declared in favor of appellees. No relief was asked in the way of quieting title, either in the complaint or the cross-complaint of Crouch, nor did the decree rendered grant such relief. It is clear that under the issues joined on the complaint and cross-complaint of Crouch, appellant was not entitled to a new trial as of right. The issues on the part of appellees, Orrin H. Trook and Richard M. Crouch, embraced a suit for an accounting and to establish a trust and, on the part of appellant, an action to quiet title. The decree and judgment covered all of the issues joined. ''Notwithstanding the cross-complaint in which one of the appellants asked to have his title quieted, there were other substantive causes of action embraced in the judgment, upon which a new trial as of right was not allowable.'' *Wilson* v. *Brookshire* (1891), 126 Ind. 497, 25 N. E. 131, 9 L. R. A. 792; *Bradford* v. *School Town, etc.* (1886), 107 Ind. 280, 7 N. E. 256; *Schlichter* v. *Taylor* (1902), 31 Ind. App. 164, 67 N. E. 556; *Hofferbert* v. *Williams* (1903), 32 Ind. App. 593, 70 N. E. 405. Where two causes of action are joined and proceed to judgment in the same case, in one of 2. which a new trial as of right is allowable and in the other it is not, the statute is not applicable, and a new trial as of right will not be granted. *Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892; *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 50 N. E. 748; *Garrick* v. *Garrick* (1908), 43· Ind. App. 585, 87 N. E. 696, 88 N. E. 104; *Bennett* v. *Closson* (1894), 138 Ind. 542, 38 N. E. 46; *Schlichter* v. *Taylor, supra; Wilson* v. *Brookshire, supra; Richwine* v. *Presbyterian Church, etc.* (1893), 135 Ind. 80, 34 N. E. 737.

The power of the court to set aside its order granting a new trial as of right is questioned, but it seems to be

3. settled that, where a motion for a new trial as a matter of right is improperly sustained, the order allowing it may thereafter be vacated. *Butler University* v. *Conard* (1884), 94 Ind. 353; *Jenkins* v. *Corwin* (1876), 55 Ind. 21; *Hofferbert* v. *Williams, supra.*

4. This leaves for consideration the question as to whether the Grant Superior Court had authority to set aside the order of the Grant Circuit Court granting a new trial as of right. Counsel have not called our attention to, nor has our research disclosed, an authority upon this precise question.

By §9 of an act defining the jurisdiction of the Grant and Delaware superior courts (Acts 1909 p. 79, §1566 Burns 1914), it is provided, among other things, that, "all orders, judgments and decrees of said superior court shall have the same virtue, force and effect as the orders, judgments and decrees of the circuit courts of this state."

In *Foster, Admr.,* v. *Potter* (1865), 24 Ind. 363, it was said, in speaking of the power of the court to which the cause had been venued, that: "If the venue had not been changed, it can hardly be doubted that that court might have corrected its own mistake, and it is equally clear that the court to which the venue was changed was possessed of the same power." This was where the Fountain Circuit Court vacated a judgment, and after the case reached the Tippecanoe Circuit Court on change of venue, the Tippecanoe Circuit Court set aside the order vacating the original judgment as made by the Fountain Circuit Court.

In *Niagara Oil Co.* v. *Jackson* (1911), 48 Ind. App. 238, 91 N. E. 825, it was held that, after the venue of the cause had been changed from the Randolph to the Delaware Circuit Court, where a new party plaintiff was made by the filing of an amended complaint, over the objection of the defendant, that the Delaware Circuit Court had the same jurisdiction and power to make any order

or ruling that it would have had had the cause been properly brought in said court in the first instance.

"A court to which a cause is properly removed by change of venue acquires jurisdiction of the cause and subject-matter, co-extensive with that of the court from which the venue was removed, and may inquire into anything connected with the subject-matter of the action, and render any judgment which might have been rendered by the court in which the case originated." *Hazen* v. *Webb* (1902), 65 Kan. 38, 68 Pac. 1096, 93 Am. St. 276; *United Zinc, etc., Co.* v. *Morrison* (1907), 76 Kan. 799, 92 Pac. Rep. 1114. The fact that the cause reached the Grant Superior Court on change of venue did not deprive that court of authority to inquire into the correctness of an order made before the cause reached such court as to the granting of the new trial as of right. *Hazen* v. *Webb, supra.*

We find no reversible error in the record. Judgment is therefore affirmed.

## On Petition for a Rehearing.

Moran, J.—Appellant, by his petition for a rehearing and briefs supporting the same, insists that the court erred in its original opinion in holding: (1) that appellant was not entitled to a new trial as of right; and (2) that the Grant Superior Court had authority to set aside an order of the Grant Circuit Court granting a new trial as of right after the cause was transferred to the superior court by agreement of the parties.

As to the latter contention, the argument now advanced in this behalf is in the main the same as advanced by appellant originally, and what we have said in our former opinion fully covers such questions.

As to the first proposition, appellant contends that, notwithstanding much is said in the complaint to the effect that appellant took title to the real estate in question in trust

for appellee and a trust is asked to be declared in
5.  their favor, the real controversy involves the title
and possession of the real estate. We are of the
opinion that the complaint states a substantive cause of
action on the theory that appellant held the real estate in
trust for appellees and that the court should have so
declared upon the facts pleaded if they were established,
and which the court did so find and so declare. Yet, if
it be conceded for the sake of argument that the complaint
does not state a substantive cause of action in this respect,
and that it does state a cause of action involving the ques-
tion of title and possession of real estate as to entitle
appellant to a new trial as of right, if this cause of action
stood alone, appellant would not be entitled to a new trial
as of right in this cause.

The decree in the case at bar is quite comprehensive in its
scope. It adjusted the entire transaction mentioned in the
original opinion as between the parties, not alone between
appellant and appellees, but as between the appellees, as
appellant was directed to convey a part of the real estate
to the appellees jointly and a part to them in severalty, and
in the same decree the court found that appellant was
indebted to appellees in the sum of $175 for money that
came into his hands while acting as trustee for the appel-
lees, for which a personal judgment was rendered against
him. Likewise it was found that appellees were entitled
to receive the sum of $312 from the Flint Elevator Company
for grain sold from the real estate in controversy by appel-
lant in the course of his trust.

The personal judgment rendered for $175 against appel-
lant and the finding that the appellees were entitled to the
sum of $312 due from the Flint Elevator Company were
within the issues, as the complaint in this respect stated
a substantive cause of action for an accounting. Hence,
the complaint stated two substantive causes of action even
on appellant's theory, one of which would, and the other

would not, entitle appellant to a new trial as of right.   The new trial as of right was properly denied.   *Henry* v. *Frazier* (1913), 53 Ind. App. 605, 100 N. E. 770.

Appellant for the first time now seeks to raise the question that, by virtue of the statute of the state in reference to the creation of trusts in real estate, the complaint 6. could not under the facts pleaded be held sufficient on the theory of establishing a trust in appellant to the real estate in favor of appellees.   This question, not having been heretofore raised, cannot be considered upon a petition for a rehearing.

The petition for a rehearing is overruled.

NOTE.—Reported in 113 N. E. 730.  See under (1-3) 29 Cyc 1037-1043; (4) 40 Cyc 176.