Wagner *v.* Winter.

No. 13,125.

WAGNER *v.* WINTER.

PLEADING.—*Recovery of Judgment.*—*Plaintiff must Proceed on Definite Theory.*—The plaintiff to an action, before he can recover judgment, must proceed upon some definite theory, which the evidence he introduces must support.

MORTGAGE.—*Certificate of Purchase.*—*Assignment of.*—*Assignee's Grantee.*—*Purchaser with Notice.*—*Equity of Redemption.*—A sheriff's certificate of purchase of real estate was assigned by the holder to secure loans of money, the assignments being endorsed on the certificate. Afterwards it was agreed, in consideration of the payment of the interest on the loans, that the assignor should retain the use of the money for three years, and that if the principal and interest were paid the assignee should deed to the assignor his interest in the real estate by virtue of the certificate, the assignee in whose control the real estate was to be to rent it and apply the surplus proceeds to the payment of the assignor's debt. The assignee having procured a sheriff's deed, as contemplated, the assignments on the surrendered certificate being endorsed thereon, subsequently made a conveyance to a third person, to whom also, shortly after, the assignor executed a quitclaim deed.

*Held,* that the assignee's grantee was a purchaser with notice, and bound to know the contents of the sheriff's deed, a link in her chain of title, and to know that the relation of the assignor and assignee was that of mortgagor and mortgagee.

SAME.—*Assignor's Theory of Action.*—*Damages.*—The assignor, still holding her equity of redemption unimpaired, may not maintain an action on the theory that her equity of redemption is lost against the assignee to recover, as damages, the value of the real estate less the amount due him.

SAME.—*Quitclaim Deed.*—*Affirmance of Conveyance.*—The conveyance by the assignor, by quitclaim deed, to the assignee's grantee, was an affirmance by the assignor of the conveyance by the assignee, and in an action to compel the assignee to account for the consideration received from his grantee, together with the rents and profits received by him, if found to be in excess of the debt secured, and all proper outlays which he had made on account of the property, including taxes paid, he is chargeable with the difference.

From the Marion Superior Court.

*I. L. Bloomer* and *R. Hill,* for appellant.

*O. S. Hadley, L. Ritter, E. F. Ritter* and *B. W. Ritter,* for appellee.

BERKSHIRE, J.—The record presents the following state of facts : On the 20th day of January, 1877, the sheriff of Marion county issued to the appellee his certificate of purchase for certain real estate, in the city of Indianapolis; on the 23d day of the same month, she assigned the said certificate to the appellant to secure a loan of $1,000, and on the 2d day of April, in the same year, she made a second assignment to the appellant to secure a loan of $30, and on the 29th day of May following, she made a third assignment to the appellant to secure a further loan of $25. All of said assignments were in writing and were endorsed on the certificate, and as the character of the assignments become somewhat important in the future consideration of the case as presented by the record, we will copy the first one, the others being similar in character :

"INDIANAPOLIS, INDIANA, January 23d, 1877.

"For value received I hereby assign the within certificate, together with my right, title and interest in and to the within described real estate, to George W. Wagner, as security for the payment of one thousand dollars ($1,000), received by me from him this day, to be paid in one year from this date, with interest after maturity at ten per cent. per annum.

"MARY D. WINTER."

On the 27th day of October, 1877, the parties entered into a written agreement, which recited the assignment of the said certificate to the appellant, in which it was expressly agreed that, in consideration of the payment to the appellant of the interest due upon the several sums of money, as evidenced by the said endorsements upon the certificate, he agreed that the appellee should retain the use of said sums of money for a period of three years from January 1, 1878, and in case of the payment of the said princi-

pal sums, together with accruing interest thereon before that date, the appellant agreed to deed, transfer, or otherwise convey to the appellee all, or any, interest held by him in said real estate by virtue of said certificate of purchase.

It was further provided in said writing that the appellant was to have control of the real estate, to rent the same and collect the rents, and apply the same in payment of the interest due on said loans, and in payment of taxes; and, if there remained a surplus, to pay it to the appellee.

On the 1st day of November, 1878, the appellant procured a deed from the sheriff of Marion county, to himself, for the said real estate, and surrendered the said certificate.

The said assignments, or endorsements, upon the certificate are copied in full in the sheriff's deed, and form a part of it.

On the 15th day of February, 1881, the appellant executed a warranty deed to one Sarah E. Clark, to the said real estate; the said deed reciting a consideration of $1,000; on the 26th day of April, in the same year, the appellee executed a quitclaim deed to the said real estate to Mrs. Clark, the said deed reciting a consideration of $150.

This is an action by the appellee against the appellant to recover the difference in the value of the real estate, and the amount due on account of the said loans, together with rents and profits received on account of the real estate.

The action was brought, put at issue, and tried, on the appellee's part, upon that theory.

The theory was, that in consequence of the conveyance which the appellant made to Mrs. Clark the appellee lost her equity of redemption, and, therefore, the appellant must respond to her in damages for the value of the real estate, less the amount due him.

The evidence in the case introduced by the appellee all related to the value of the property, except so far as she sought to charge appellant with the rents and profits received to the date at which he conveyed to Mrs. Clark.

In its first instruction to the jury, the court informed them that the claim of the appellee was that she transferred the sheriff's certificate to secure a loan of $1,000, and that while the appellant held the certificate, and without authority from the appellee, he surrendered the certificate to the sheriff and took a deed and afterwards conveyed the real estate to another person, and in consequence thereof it had been lost to her, and by reason thereof she claimed damages.

In the second and third instructions the appellee's right to recover was placed upon the ground that the appellant sold and conveyed the real estate to a third person for value, without notice, so as to defeat the appellee's right of redemption; and in the fifth and last instruction the jury are told that the measure of damages, in case the appellee is entitled to recover, is the value of the property, added thereto the rents and profits received by the appellant down to the time of the conveyance, and that after deducting therefrom the indebtedness due to the appellant, the amount of all liens on the property discharged by him, and all reasonable expenses by him incurred in relation to the real estate, the remainder, if any, was the amount which the appellee was entitled to recover.

It is a rule of this court, well established, that the plaintiff to an action before he can recover judgment must proceed upon some definite theory, and the evidence which he introduces must support that theory. *First Nat'l Bank, etc.*, v. *Root*, 107 Ind. 224; *Western Union Tel. Co.* v. *Young*, 93 Ind. 118; *Chicago, etc., R. R. Co.* v. *Bills*, 104 Ind. 13. In the last case the rule is declared to be, that the complaint must proceed upon a distinct and definite theory, and upon that theory the case must stand or fall.

There was a jury trial at special term, a verdict returned in favor of the appellee, and over a motion for a new trial the court rendered judgment upon the verdict. Counsel on both sides limit their arguments to a discussion of the court's action in overruling the motion for a new trial.

There are several reasons assigned in the motion for a new trial, but the principal question is, was the appellee entitled to a judgment upon the theory upon which she instituted and prosecuted the action?  We are of the opinion that the written contract executed by the parties on the 27th day of October, 1877, contemplated that a deed would be executed by the sheriff of Marion county to the appellant after the expiration of the year of redemption; if not, why the provision therein that upon payment of the indebtedness by the appellee the appellant would deed, transfer, or convey whatever interest he might have in the real estate.  If he was to have the certificate merely, there could arise no occasion for a deed or conveyance.

The appellee was not entitled to a sheriff's deed until she redeemed the certificate, and it can hardly be supposed that the parties contemplated that the title should remain in the judgment debtor for the period of three years, given to the appellee in which to pay the indebtedness.

And again: it was provided in the contract that the appellant was to have control of the property, and collect the rents, pay the taxes, etc.; this he could not do until the execution of the sheriff's deed.

After the sheriff's deed was executed to the appellant, he held the title to the land, as he held the certificate of purchase, merely as security for his debt; as between the appellee and himself the relation of mortgagor and mortgagee obtained.

In equity, the appellee was the owner of the real estate, and the appellant an encumbrancer; this relation continued down to the date at which the appellant executed his deed to Mrs. Clark; as to this all parties agree.

But the contention of the appellee is, that when the appellant executed his deed to Mrs. Clark she became the absolute owner in fee of the real estate as a purchaser for value without notice, and, therefore, because of the conveyance the appellee lost her equity of redemption, and may

look to the appellant for the value of the real estate, together with rents and profits by him received on its account. We do not regard the contention of the appellee as sound, and herein we think the theory of the action fails. The *gravamen* of the action, as we have indicated, is the alleged loss to her of her equity of redemption in the real estate in consequence of the appellant's conveyance to Mrs. Clark; if that conveyance did not close out or impair the appellee's right to redeem, then upon the theory of the action there could be no recovery.

It will not be contended but that the appellant had the right at any time to assign and transfer his debt, together with the certificate of the sheriff held to secure its payment, and that had he assigned the debt and certificate before receiving the sheriff's deed, the appellee would have had no claim upon him for damages, even though his assignee had gone and .taken a deed.

If Mrs. Clark was a purchaser with notice, the deed to her by the appellant was, in equity, nothing more than a transfer of the indebtedness, together with its security, and in that case she simply stepped into the shoes of the appellant and the appellee's rights were in no way prejudiced. That Mrs. Clark was a purchaser with notice there is no question, and the rules of law which charged her with notice would have brought notice home to any immediate or remote grantee had she conveyed the real estate.

The sheriff's deed to the appellant formed an important link in her chain of title; had she examined that deed it would have disclosed to her the relation that existed between the appellee and the appellant, and that he was but a mortgagee. The deed forming, as it did, one of the links in her chain of title, Mrs. Clark was bound to know its contents, and was, therefore, a purchaser with notice that her grantor was a mere mortgagee, and that the appellee was the owner of the real estate. *Wiseman* v. *Hutchinson*, 20 Ind. 40 ; *Brannon* v. *May*, 42 Ind. 92 ; *Croskey* v. *Chapman*, 26 Ind. 333 ;

Wagner v. Winter.

*Hazlett* v. *Sinclair*, 76 Ind. 488; *Sample* v. *Cochran*, 84 Ind. 594; *State, ex rel.*, v. *Davis*, 96 Ind. 539; *Stockwell* v. *State, ex rel.*, 101 Ind. 1; *Smith* v. *Lowry*, 113 Ind. 37; *Singer* v. *Scheible*, 109 Ind. 575; *Brush* v. *Ware*, 15 Peters, 93; *Harris* v. *Fly*, 7 Paige, 421; *Jumel* v. *Jumel*, 7 Paige, 591.

As the appellee still held her equity of redemption unimpaired, notwithstanding the conveyance executed by the appellant to Mrs. Clark, she is in no better condition to maintain this action than if the appellant had not conveyed.

The appellee, being the owner of the equity of redemption after the execution of the deed to Mrs. Clark, could convey it to whomsoever she pleased, and having conveyed to Mrs. Clark by quitclaim deed, in the opinion of a majority of the court, this was an affirmance on her part of the conveyance executed by the appellant, and in an action to compel the appellant to account for the consideration received from his grantee, together with the rents and profits received by him, if found to be in excess of the debt secured, and all proper outlays which he had made on account of the property, including taxes paid, he would be chargeable with the difference. But if an action of that character had been instituted and tried, the appellee would not be entitled to recover, for the reason that the evidence fails to show that the sums with which the appellant was chargeable were in excess of the credits to which he was entitled, but proves to the contrary.

In the opinion of the writer, the appellant, in the execution of the quitclaim deed, released and discharged any and all rights of action of which she may have been possessed, and further, by the execution of the deed she elected to pursue one of two inconsistent remedies, and thereby waived all others.

The court at general term erred in affirming the judgment in special term.

Judgment reversed, with costs, with instructions to grant a new trial.

Filed Feb. 6, 1890.