State Building and Loan Association *v.* Brackin, Trustee, et al.

[No. 4,040.   Filed November 26, 1901.]

Review.—*Judgments.*—A proceeding under §§627, 628 Burns 1901 to review a judgment for error of law is in the nature of an appeal and must be tried by the record alone.   *p. 681.*

Same.—*Judgments.*—In a proceeding to review a judgment for error of law the trial court sits as an appellate court, and the only errors that can be considered in such proceeding are such as might have been considered on appeal.   *p. 681.*

Pleading.—*Evidence.—Judgments.—Review.*—Averments in a cross-complaint to an action to foreclose a mortgage that the land on which the mortgage was sought to be foreclosed was conveyed to a third person as trustee for plaintiff, and in the deed of conveyance, accepted by the trustee and plaintiff, the payment of the mortgage held by cross-complainant was assumed and agreed to be paid by such trustee were sufficient to admit proof of the assumption of the mortgage by plaintiff.   *p. 681.*

Same.—*Defects.—Waiver.*—Where, in an action to foreclose a mortgage, a cross-complaint was filed wherein it was alleged that

the land was conveyed to a third person as trustee for plaintiff, and that in such conveyance cross-complainant's mortgage was assumed and agreed to be paid by such trustee, the failure to file a copy of the deed with the pleading was cured by a finding of the court that the payment of the mortgage was assumed, there being no demurrer filed to the cross-complaint. *pp. 681, 682.*

TRIAL.—*Record.—Review.*—In an appeal from the action of the court in sustaining a demurrer to a complaint to review a judgment, the record shows that on a certain day, the parties being in court, a cross-complaint and answers were filed by a defendant, and that the appellant filed replies to the answers, and the cause on the cross-complaint was continued as to certain codefendants, but "cause being at issue is now submitted to the court for trial"; that afterward appellant appeared and filed a motion for a new trial, assigning as reasons that the finding was contrary to the law and the evidence, and at no time requested that the judgment be in any way modified or set aside because there had been no appearance, service or default. *Held,* that the record does not show that the judgment was rendered without an appearance to the cross-complaint. *p. 682.*

APPEAL AND ERROR.—*Special Judge.*—Where the last record entry is signed by a special judge, and the transcript does not disclose when he was called, it will be presumed in the absence of some showing to the contrary that he presided at all the proceedings had in the case. *pp. 682, 683.*

SAME.—*Evidence Not in Record.*—Alleged error of court in overruling a motion for a new trial, asked on the ground that the finding was contrary to the law and the evidence, will not be reviewed on appeal when the evidence is not in the record. *p. 683.*

From Blackford Circuit Court; *Abe Simmons,* Special Judge.

Proceedings by State Building and Loan Association against Henry R. Brackin, trustee, and others to review a judgment. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*V. G. Clifford, W. F. Browder* and *W. S. Moffett,* for appellant.

*C. W. Kinnan* and *J. A. Remy,* for appellees.

ROBINSON, P. J.—A demurrer was sustained to appellant's complaint to review a judgment, and this ruling is assigned as error.

In the original action, as appears from the transcript filed with the complaint, appellant sued Alexander Watt on a note and to foreclose a mortgage executed by Watt and wife, dated November 30, 1895. The Montpelier Land & Oil Company, William Bosson, trustee, Walter H. McDermitt, Clara McDermitt, and I. W. Saylor & Company, each claiming some interest in the land mortgaged, were made defendants to answer to their interest. Bosson, trustee, filed a disclaimer, and the other defendants were defaulted, except the land company, which answered in two paragraphs. Afterwards, appellee Brackin, upon his own application, was made a party defendant and filed a cross-complaint against his codefendants and appellant, averring that on October 9, 1895, Alexander Watt had executed three notes to the Montpelier Land & Oil Company, and on the same day Watt and wife mortgaged the land in question to secure their payment, and that afterwards the land company transferred the notes and mortgage for a valuable consideration to Brackin as trustee for certain parties named. The land company then filed a disclaimer. Brackin then answered the complaint in three paragraphs, alleging the execution of the notes and mortgage to the land company and their assignment to him as trustee, and that appellant, to avoid the expense of a foreclosure, and to acquire title to the land, had accepted a deed in fee to the land from one McDermitt, who had acquired the title, and that the conveyance was made and accepted in payment and satisfaction of the mortgage, which thereupon became merged in the deed, and that ever since, appellant had collected the rents and profits of the land and applied the same to its own use. The record shows the parties appeared by counsel, and upon Brackin's application the cause was continued. Afterwards, upon the appearance of the parties, Brackin filed a fourth and fifth paragraph of answer, alleging the execution of the notes and mortgage to the land company, their assignment to Brackin, that Mc-

Dermitt conveyed the land to one Bosson as trustee for appellant, which conveyance was made in consideration of Bosson assuming the payment of all encumbrance against the property, which conveyance was accepted by appellant, and asking that the land company mortgage be declared a first and senior lien.    Brackin then filed an amended cross-complaint averring the execution of the notes and mortgage to the land company and their assignment to him as trustee, the conveyance of the land by McDermitt to Bosson as trustee for appellant, and that in the deed of conveyance, which was accepted by the trustee and plaintiff, the payment of the note and mortgage was assumed and agreed to be paid by Bosson as trustee; prayer for personal judgment and decree of foreclosure.    Appellant replied in denial to the first, second, fourth, and fifth paragraphs of Brackin's answer.    On the 1st day of July, 1898, process was ordered on the cross-complaint for Watt and Watt, and by publication as to the McDermitts, and the following entry made:    "Cause on cross-complaint is now continued as to above defendants.    Cause being at issue is now submitted to the court for trial, a jury being waived, and the court, after hearing the testimony of witnesses and the proofs adduced, takes this cause under advisement."    On November 14, 1898, "the same being the day and hour said cause was set for trial and further proceedings therein", a further hearing was had and "after hearing the testimony of witnesses and the proof adduced, and having sufficiently advised itself on the proceedings formerly had in this cause", found for Brackin, trustee, on the notes, that he was entitled to a foreclosure, that appellant's mortgage was merged in the fee simple, and that plaintiff had agreed to pay cross-complainant's mortgage and notes secured thereby, and a judgment was rendered against plaintiff for the sum due, and foreclosure decreed.    Four days later plaintiff moved for a new trial on the ground that the finding was contrary to the law and the evidence, which motion was

overruled, and an appeal prayed and granted to the Supreme Court.

It is averred in the complaint to review that the amended cross-complaint was insufficient to authorize a personal judgment against appellant; that the court erred in going to trial on the amended cross-complaint without appearance, service, default, or issue thereon as to appellant; that no appointment or qualification of the special judge is shown; error in overruling the motion for a new trial, and in failing to render any judgment on the complaint.

A proceeding under §§627, 628, Burns 1901, to review a judgment for error of law is in the nature of an appeal and is to be tried by the record alone. It is a substitute for the remedy by appeal. A party may appeal to the appellate tribunal, or he may file in the circuit court a complaint for review, and the adoption of one of these remedies waives the other. The review here sought is not for material new matter discovered since the rendition of the judgment, but is for error of law appearing in the proceedings and judgment. In the review proceedings in such case the trial court sits as an appellate court, and the only errors that can be considered in such proceedings are such as might have been considered in this court had the original case been appealed here directly. *Traders Ins. Co.* v. *Carpenter,* 85 Ind. 350, and cases cited; *Clark* v. *Hillis,* 134 Ind. 421, and cases cited; *Evansville, etc., R. Co.* v. *Maddux,* 134 Ind. 571; *Kiley* v. *Murphy,* 7 Ind. App. 239.

The averments of the cross-complaint are to the effect that the land was conveyed to Bosson as trustee for appellant, and in the deed of conveyance, accepted by Bosson, as trustee, and appellant, the payment of the mortgage held by Brackin, as trustee, was assumed and agreed to be paid by Bosson as such trustee. This averment is sufficient to admit proof of the assumption of the Brackin mortgage by appellant. The deed of conveyance, or a copy, containing this assumption, should have been filed with the cross-com-

plaint. But there was no demurrer to the cross-complaint, and although it was defective for want of a copy of the deed, the defect would have been and was cured by the finding of the court. *Purdue* v. *Stevenson*, 54 Ind. 161; *Westfall* v. *Stark*, 24 Ind. 377; *Eigenmann* v. *Backof*, 56 Ind. 594; *Scott* v. *Zartman*, 61 Ind. 328; *Owen School Tp.* v. *Hay*, 107 Ind. 351.

It is further argued that the court erred in going to trial on the amended cross-complaint without appearance, service, default, or issue thereon. It does not affirmatively appear that this was done, and from the transcript of the proceedings in the original action we must presume that this was not done. On July 1st, as shown by a record entry, the *parties* were in court; the fifth paragraph of Brackin's answer and his cross-complaint were filed; appellant filed replies to the answers, and the cause on the cross-complaint was continued as to the Watts and McDermitts, but "cause being at issue is now submitted to the court for trial". This was all on July 1st. Afterwards appellant appeared and filed a motion for a new trial assigning as reasons that the finding was contrary to the law and the evidence. At this time judgment had been entered on the finding. No request was then or thereafter made that the judgment be in any way modified or set aside because there had been no appearance, service, or default. Appellant at that time asked relief in that it be granted a new trial on the ground only that the finding was contrary to the law and the evidence. Taking the transcript of the proceedings as a whole we can not say that it shows there was no appearance to the cross-complaint.

It is also argued that it is not shown that the special judge had authority to act. All the proceedings appear to have been had by the Blackford Circuit Court, until the last record entry, which is signed by a special judge. Something is said in argument about the case at different stages having been before two special judges, but no such condition

is disclosed by the transcript. The transcript does not disclose when the special judge was called, and as he signed the last entry made, it will be presumed, in the absence of some showing to the contrary, that he presided at all the proceedings had in the case. No objection was made at any time to any special judge acting in the case. *Bartley* v. *Phillips,* 114 Ind. 189; *Schlungger* v. *State,* 113 Ind. 295. See, *Cargar.*v. *Fee,* 119 Ind. 536.

As no attempt was made to put the evidence in the record, the alleged error of the court in overruling the motion for a new trial asked on the ground that the finding was contrary to the evidence and the law presents no question. *Hancher* v. *Stephenson,* 147 Ind. 498.

The effect of the finding by the court was a finding against appellant on its complaint. Appellant has not shown how it could possibly be harmed by the failure of the court to render judgment on the complaint.

Judgment affirmed.