## SCHLICHTER v. TAYLOR ET AL.

[No. 4,451.    Filed May 21, 1903.]

APPEAL.—*Transcript.—Original Bill of Exceptions.—Evidence.*—Where appellant filed a written precipe with the clerk directing the making up of the transcript, and the transcript prepared contains the original bill of exceptions containing the evidence, and an entry to the effect that the clerk attached such original bill at the "request of appellant," the evidence is in the record. *pp. 166, 167.*

SAME.—*Briefs.—Failure to Comply with Court Rules.*—Questions as to the admissibility of evidence and of permitting an alleged incompetent witness to testify, will not be considered on appeal, where appellant's brief does not contain "an abstract of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript" as required by rule twenty-two of the Appellate Court. *p. 168.*

NEW TRIAL AS OF RIGHT.—*When Properly Denied.*—If two or more substantive causes of action proceed to judgment in the same case, whether properly or improperly joined, one being of the class in which a new trial as of right may be granted, and the other not, the latter will control the procedure, and a new trial as of right will be denied. *pp. 168, 169.*

SAME.—*Partition.—Oral Contract to Convey. Real Estate.*—A new trial as of right will not be granted in a suit for partition, where defendant claims title to and possession of the real estate under an oral contract. *pp. 168, 169.*

From Clark Circuit Court; *J. K. Marsh*, Judge.

Schlichter *v.* Taylor.

Suit for partition by Frank Taylor and others against Jessie E. Schlichter and others. From a judgment for plaintiffs, defendant Schlichter appeals. *Affirmed.*

*L. A. Douglass*, for appellant.
*G. H. D. Gibson*, for appellees.

WILEY, J.—This was an action for partition of real estate. Appellant was one of the defendants below. The complaint alleged that appellees and appellant were owners as tenants in common of certain real estate; that such real estate was not susceptible of partition in kind; and asked that it might be sold and the proceeds divided according to the interests of the parties. The petitioners based their right for partition upon the fact that they and the defendants below were the heirs of one Rachael Cochran, deceased, who died seized the owner of the real estate in controversy. In her answer appellant admitted the heirship as charged, but denied that Rachael Cochran died the owner of the real estate. The answer further alleges a verbal contract between the said decedent and appellant, by the terms of which it was agreed between them that if she and her husband would go to her home and take charge of the same, and be a companion to her and take care of her during her natural lifetime, and take charge of and cultivate said real estate for said Rachael during her lifetime, she, said Rachael, would give and convey said real estate to her; that she in all things performed the conditions of said agreement on her part; and that she thereby became the owner thereof. It is further alleged that appellant was put in actual possession of the real estate. The cross-complaint avers the same facts, and in addition, that the said Rachael died intestate, and did not comply with her said contract, in that she did not convey said real estate to appellant, and that said contract remains unperformed. In the cross-complaint it is also averred that before the commencement of this action appellant served written notice upon

the heirs of said Rachael that they make a deed to her of said real estate in compliance with said contract, and that they failed to do so; that by reason of the facts charged appellant is entitled to have said contract specifically performed and have her title quieted. Issues were joined, trial by the court, and a general finding for the petitioners to the effect that they and the defendants below were the owners as tenants in common of the real estate in controversy; that said real estate was not susceptible of division in kind; and that the same should be sold and the proceeds be distributed according to the interests of the several parties, etc.

Appellant's motion for a new trial for cause, and her motion for a new trial as of right, were each overruled, and the rulings on these motions are assigned as errors.

Appellant was given a fixed time in which to file a general bill of exceptions embodying the evidence, and such bill was timely filed. The record or transcript on appeal was made under the written direction of the appellant's counsel, and the precipe is attached, as required by statute. §661 Burns 1901. By that precipe the clerk was requested to make out a duly certified transcript of certain records and papers, and included in the list was: "(9) Bill of exceptions of the evidence." The clerk did not make a transcript of the evidence, but embodied the original bill of exceptions embracing the evidence.

Counsel for appellees urge that the evidence is not properly in the record, and hence the motions for a new trial can not be considered. In support of their position we are cited to *Chestnut* v. *Southern Ind. R. Co.,* 157 Ind. 509, and *Johnson* v. *Johnson,* 156 Ind. 592. These cases seem to support this contention, but we find in the record an entry to the effect that the clerk attached to the transcript the original bill of exceptions containing the evidence, at the request of appellant. In *Tombaugh* v. *Grogg,* 156 Ind. 355, it is held that although appellant filed a

written precipe directing the making up of the transcript, which amounted to a request for a copy of the bill of exceptions, it does not follow that an oral request was not subsequently made to insert the original, and where the original bill is in the transcript it will be presumed, in the absence of anything to the contrary, that the clerk incorporated the same at the subsequent request of the appellant. In that case the record did not show affirmatively any subsequent request, and yet it was held that the bill was properly a part of the record. Here the record does show a subsequent request, and we must presume that it was oral, nothing to the contrary appearing. Under the authority last cited we must hold that the evidence is in the record.

In her motion for a new trial appellant challenges the sufficiency of the evidence to sustain the finding, and the action of the court in admitting certain evidence. We can not disturb the judgment upon the evidence, for it is conflicting, and there is ample evidence in support of the finding of the trial court.

The questions of the admissibility of incompetent evidence and of permitting a witness to testify who was not competent, will not be considered for the following reasons: (1) Counsel has waived the right to have some of them determined by failing to discuss them; (2) failure of counsel to comply with rule twenty-two of this court.

The tenth and eleventh points appellant relies upon for a reversal are as follows: "(10) The objection of appellant to testimony of witnesses should have been passed on by the court before it rendered its decision. (11) William D. Taylor, party plaintiff, was not a competent witness as to matters occurring prior to the death of Mrs. Cochran." In attempting to discuss these points counsel says:

"Tenth proposition: The motion for a new trial for cause recites the action of the court in permitting certain incompetent evidence to be given in evidence, and it is a fact that no ruling was made upon objection of appellant until

the time of rendering the decision. By such action she was placed at a disadvantage, as it is never presumed that a litigant can anticipate that incompetent evidence will be admitted against her. Evidence of declarations of appellant's husband made in her absence can not bind her. * * * And the evidence of William D. Taylor, appellee, was not competent as to matters occurring prior to the death of Mrs. Cochran.

"Eleventh proposition: The cases cited under that head are sufficient to show that he was not a competent witness; yet, notwithstanding the fact, he was permitted to testify at length upon the subject."

This is the sum and substance of what counsel has said under these propositions. Nowhere in the brief is an abstract of the alleged incompetent evidence set out, nor a reference made to the line and page of the transcript where it may be found. We are not advised of the character of the evidence, nor is there even a suggestion in the brief why Taylor was not a competent witness. Where a party fails to call the court's attention to the particular part of the record where the questions asked to be decided may be found, he waives his right to have them decided. Rule 22, *supra; Home Ins. Co.* v. *Sylvester,* 25 Ind. App. 207; *Wines* v. *State Bank,* 22 Ind. App. 114; *Smiser* v. *State, ex rel.,* 17 Ind. App. 519; *Harness* v. *State, ex rel.,* 143 Ind. 420. See Remy's Digest, p. 55, §490.

Appellant's motion for a new trial as of right rests upon the proposition that the title to the real estate was involved. In an action for partition of real estate the question of title is not necessarily involved. In her answer to the complaint appellant avers a contract between a Mrs. Cochran (her mother) and herself, whereby her mother agreed, under certain conditions, to give to her the real estate in controversy; that she performed all the conditions of said contract on her part, but that her mother died without conveying the land to her. In her cross-complaint she avers

the same contract; the failure on the part of her mother to perform it; a demand on the appellees, as heirs of the decedent, to convey to her; and asks for specific performance. True, in her cross-complaint, she asks also that her title be quieted. She thus tenders a double issue, and we do not pass upon the sufficiency of the cross-complaint for the reason that it is not presented by the record.

In an action for specific performance a new trial is not demandable as of right. It has been held that, in an action to declare a deed a mortgage and to quiet title, a new trial as of right will not be granted. *Jones* v. *Peters,* 28 Ind. App. 383. In *Bennett* v. *Closson,* 138 Ind. 542, it was held that it is only in actions for the recovery of real estate and to quiet title to real estate that the losing party may have a new trial as of right, under §1076 Burns 1901, §1064 R. S. 1881 and Horner 1901; and if two or more substantive causes of action proceed to judgment in the same case, whether properly or improperly joined, one being of the class in which a new trial as of right may be granted, and the other not, the latter will control the procedure, and a new trial as of right will be denied. See, also, *Wilson* v. *Brookshire,* 126 Ind. 497, 9 L. R. A. 792; *Richwine* v. *Presbyterian Church,* 135 Ind. 80; *Nutter* v. *Hendricks,* 150 Ind. 605; *Butler University* v. *Conard,* 94 Ind. 353. In *Voss* v. *Eller,* 109 Ind. 260, it was sought to declare a deed a mortgage, and to cancel the same because of payment and to quiet title, and the court held that the action did not involve the title to the land to any greater extent than title is involved in any other suit to decree a mortgage satisfied and to procure its cancelation, and hence the losing party was not entitled to a new trial as of right. In *Nutter* v. *Hendricks, supra,* it was said that, where a paragraph of complaint for the possession of real estate or to quiet title thereto is joined in the same complaint for any other cause of action, a new trial as of right, under §1076 Burns 1901, is not permitted. These

authorities settle the question against the contention of appellant.

From the whole record we are led to the conclusion that the trial court reached the only result warranted by the evidence, and that the judgment pronounced equitably and correctly adjusted the rights of the respective parties.

Judgment affirmed.