## BONHAM v. DOYLE ET AL.

[No. 5,909.    Filed May 10, 1906.    Rehearing denied December 11, 1906.    Transfer denied January 31, 1907.]

1. NEW TRIAL.—*As of Right.*—*Partition.*—*Quieting Title.*—In an ordinary suit for partition, where the title is not put in issue, a new trial as of right cannot be demanded.    p. 435.

2. SAME.—*As of Right.*—*Trusts.*—In a suit by plaintiff against her step-father to establish a trust in land, although the title to such land is in controversy, a new. trial as of right cannot be demanded, whether such trust be express, resulting or constructive.    p. 436.

3. NEW TRIAL.—As of Right.—Joinder of Causes.—Where two causes are joined, in one of which a new trial as of right is not demandable, a new trial as of right is not demandable as to the other. p. 438.

4. SAME.—As of Right.—Cross-Complaint.—Issues.—A new trial as of right is not demandable on a cross-complaint asking partition and for the establishment of a trust in land, where the issues made thereon as to title are not separable from the other issues in the case. p. 438.

From Green Circuit Court; Orion B. Harris, Judge.

Suit by Winnie E. Bonham against Luther P. Doyle and others. From a decree for defendant Doyle, plaintiff appeals. Affirmed.

Slinkard & Slinkard, for appellant, and for appellees, except Doyle.

Cyrus E. Davis, for appellee Doyle.

ROBY, C. J.—Action against appellees begun on February 28, 1903. The issues formed, as hereafter stated, were tried by the court without a jury and judgment rendered in favor of appellee Doyle and against appellant and the other defendants. The motion for a new trial as of right was overruled. It was in proper form, was accompanied by an undertaking for the payment of costs, executed with surety, and approved by the court. The disposition of the appeal depends upon whether the case is one in which the parties might have a new trial as of right. §1076 Burns 1901, §1064 R. S. 1881.

In the first paragraph of complaint it is averred that the plaintiff and defendants are the owners in fee simple as tenants in common of certain described real estate, following which a statement of their respective interests is made. The prayer is for partition. There is no averment by which title is put in issue, and this paragraph did not tender an issue upon which a new trial as of right, under the statute, could be had. Fordice v. Lloyd (1901), 27 Ind. App. 414.

In the second paragraph it is averred that the wife of the defendant Luther P. Doyle departed life intestate on February 15, 1888, seized in fee simple of certain described real estate, which is the same as that described in the first paragraph of complaint; that she left surviving her, as her only heirs, the defendants Luther P. Doyle, her husband, and three daughters by a former marriage, to wit, the plaintiff and defendants Maddox and Bauer, and two children by her last marriage, who have since her death conveyed their interests in said real estate to their father; that on the death of appellant's mother she and her two sisters became the owners repectively of the undivided two-fifteenths part of said real estate; that it was at her death encumbered by a mortgage shortly to become due; that on or about March 16, 1888, said Doyle, falsely and fraudulently represented to plaintiff and said codefendants that he was unable to pay said mortgage debt, and would be compelled to renew the same; that he falsely and fraudulently represented that agents of the mortgagee had written to him that they would not renew the mortgage loan unless the title to said land was held by him; that he then proposed that the plaintiff and his codefendants should convey their interest in said real estate to him, in trust, so that he could renew said loan; that he further represented that as soon as said loan was renewed he would reconvey the same interest in said land to them which they had conveyed to him; that the plaintiff and her sisters, relying upon each and all of such false and fraudulent representations, and relying upon his promise to convey to them and each of them their respective interests in said real estate, as soon as said loan was renewed by him, did on March 16, 1888, convey their respective interests by good and sufficient deed to him, "without receiving any consideration whatever, in trust for the use and purposes aforesaid, and for no other purpose whatever;" that said Doyle did then and there renew said mortgage on

said real estate by means of the use of the interests of plaintiff and her sisters, "but the plaintiff says that after the renewal of said loan on said real estate, as aforesaid, by said Doyle, he refused, and continuously refuses, to convey to this plaintiff and her sisters, or to either of them, their respective shares in said real estate as he had agreed and promised to do; that defendant Doyle has ever since March 16, 1888, used and enjoyed said real estate to the exclusion of this plaintiff and the codefendants, and has converted the rents and profits thereof, of the value of $———, to his own use." The prayer is for an accounting of the rents and profits, judgment for the amount found due, that the court declare the parties to be the owners of said real estate in the shares set out, that a commissioner be appointed to sell said real estate and divide the profits among the parties or make partition, and for all other proper relief.

The theory of this pleading is, to say the least, somewhat obscure. It is not averred that the plaintiff is the owner of any part of the real estate described. It is averred that she was the owner of an undivided portion thereof, and that she conveyed said interest by a sufficient deed to the defendant Doyle. No attack is made upon the validity of the conveyance, and its cancelation is not sought. It is specifically averred that the conveyance was made in trust for certain specified purposes, and that the legal title is held by Doyle in defiance of the terms of said trust. The sufficiency of such facts as against a demurrer need not be considered, it appearing from the pleading that any interest claimed or possessed by the plaintiff is dependent upon the establishment of such trust. The fact that title to real estate is in controversy does not authorize the granting of a new trial as a matter of right, unless such title comes in dispute in an action for the possession of or to quiet title to real estate, and an action to enforce a trust, express, resulting, or constructive, is not one in which a new trial

as of right can be claimed. *Taylor* v. *Calvert* (1894), 138 Ind. 67, 86; *Voss* v. *Eller* (1887), 109 Ind. 260; *Liggett* v. *Hinkley* (1889), 120 Ind. 387; *Allen* v. *Davison* (1861), 16 Ind. 416; *Walker* v. *Cox* (1865), 25 Ind. 271, 274.

3. Where two causes of action are joined, in one of which a new trial is allowable as of right and in the other it is not, the statute is not applicable. *Butler University* v. *Conard* (1884), 94 Ind. 353, 355; *Schlichter* v. *Taylor* (1903), 31 Ind. App. 164; *Nutter* v. *Hendricks* (1898), 150 Ind. 605.

4. The cross-complaint by the defendants Maddox and Bauer was filed against their codefendant Doyle. Such pleading was in three paragraphs, which are substantially a reassertion of the claim made in the complaint. The cross-complaint does not, in itself, entitle the parties to a new trial as of right, the issues made thereon not being separable from the other issues in the case, and it is not necessary, therefore, to analyze them for the purpose of determining whether either paragraph amounts to a suit to quiet title. *Bennett* v. *Closson* (1894), 138 Ind. 542, 548. Appellee Doyle made a timely motion to dismiss the appeal, and has argued various questions, some of which seem to have much weight, but it is more satisfactory to the court and the parties to consider the merits of the motion for a new trial as of right.

Judgment affirmed.