## AETNA LIFE INSURANCE COMPANY ET AL. *v.* STRYKER.

[No. 6,083.  Filed January 29, 1908.  Rehearing denied June 5, 1908.]

1. NEW TRIAL.—*As of Right.—Ejectment.—Quieting Title.—Connecting with Other Causes of Action.*—A new trial as of right cannot be demanded in cases of ejectment or quieting title, where the complaint contains other paragraphs demanding different relief, and where a decision was made as to the whole complaint.  p. 58.

2. PLEADING.—*Complaint.—Quieting Title.—Redemption.—Equity.*—A suit to quiet title and to redeem is an equitable proceeding and is governed by equitable principles.  p. 63.

3. SAME.—*Complaint.—Paragraph Containing Separate Causes of Action.*—Where a paragraph of complaint contains facts showing

separate causes of action and a judgment is rendered thereon, the court on appeal will not disregard such facts and hold that but one cause of action was alleged. p. 64.

4. NEW TRIAL.—As of Right.—Quieting Title.—Redemption.—A new trial as of right cannot be demanded in a suit to quiet title, where facts are set out entitling plaintiff to a redemption, and where the decree gives such relief along with the quieting of his title. p. 64.

5. NOTICE.—Lis Pendens.—Real Property.—A lis-pendens notice affecting real property is equivalent to actual notice. p. 65.

6. JUDICIAL SALES.—Mortgages.—Redemption.—Insane Persons.— The equitable right of insane persons to redeem from judicial sales may be enforced by a suit for such purpose. p. 65.

7. NEW TRIAL.—Suits to Redeem.—A new trial as of right is not demandable in suits to redeem. p. 65.

From Pulaski Circuit Court; Timothy E. Howard, Special Judge.

Suit by Jacob Stryker against the Aetna Life Insurance Company and another. From a decree for plaintiff, defendants appeal. Affirmed.

Henry C. Pettit and Henry A. Steis, for appellants.
Burson & Burson, for appellee.

MYERS, J.—Appellants' motion for a new trial as of right was overruled by the trial court, and the correctness of this ruling is the only question presented by this appeal.

Appellants insist that this was a suit limited to ejectment and to quiet title to real estate, while appellee contends that it was a suit to be allowed to redeem real estate from a completed mortgage foreclosure proceeding, and for possession and to quiet title.

The rule as stated by the court in Seisler v. Smith (1898), 150 Ind. 88, 92, is that "in actions to quiet title to real estate, or in actions of ejectment, under §1062 Burns 1894 [§1096 Burns 1908, §1050 R. S. 1881], a new trial as of right is allowed by §1076 Burns 1894 [§1110 Burns 1908, §1064 R. S. 1881]." It is also the rule "that where a paragraph of complaint for possession of, or to quiet title to real estate, is

joined in the same complaint with one for any other cause of action," and all prosecuted to final judgment, "a new trial as of right" is not demandable. *Nutter* v. *Hendricks* (1898), 150 Ind. 605. See, also, *Seisler* v. *Smith, supra; Wilson* v. *Brookshire* (1891), 126 Ind. 497. In *Bennett* v. *Closson* (1894), 138 Ind. 542, 550, it is said: "The decisions of this court have, however, tended to confine the right strictly to the cases provided for in the statute. And if two or more substantive causes of action proceed to judgment in the same case, whether properly or improperly joined, it has frequently been held that if one of them would entitle the losing party to a new trial, as of right, and the other would not, then-that cause in which a new trial, as of right, would not be allowed will prevail, and a new trial will not be granted," citing cases.

Guided by these rules, and by the pleadings and judgment disclosed by the record before us, the question submitted must be decided. The first paragraph of the complaint was against Alvey and others, and not against the Aetna Life Insurance Company, and sought to recover the possession of certain described real estate. The second paragraph was against these appellants only, and by proper and sufficient allegations stated a cause of action to quiet title to the same real estate described in the first paragraph. In addition this paragraph alleged that on April 5, 1888, appellee was the owner in fee simple and in the quiet and peaceable possession of said land, and on that day borrowed from said Aetna Life Insurance Company $3,000, and executed his promissory note for the same, together with coupon interest notes, and to secure the payment of said note and coupons he executed to said company a mortgage on said real estate; that he was thereafter induced by certain false and fraudulent representations, and without any consideration, to convey by deed said land, then and there worth $5,000 in excess of the mortgage indebtedness, to certain persons named; that on November 17, 1892, he com-

menced a suit against his said grantees and others, including said Aetna Life Insurance Company, in the circuit court of the county where said land was situate, to set aside said deed and to quiet his title, and on the same day give a *lis pendens* notice thereof; that on February 4, 1896, said suit was dismissed as to said Aetna Life Insurance Company, and such proceedings had that a decree was entered setting aside said deed and quieting the title to said land in appellee; that in October, 1891, said insurance company commenced a suit to foreclose its mortgage on said land; that appellee was not a party to said foreclosure proceedings; that on October 20, 1891, said insurance company obtained a decree foreclosing its said mortgage against certain parties other than this appellee; that a receiver was appointed to collect the rents and profits of said land, to be applied to the discharge of the judgment rendered in said foreclosure suit; that on November 24, 1891, said insurance company procured an order of sale to be issued on said decree of foreclosure, directed to the sheriff of said county, who, pursuant to said order, on December 19, 1891, sold said land to said insurance company and issued to it a sheriff's certificate therefor; that on December 29, 1892, pursuant to said foreclosure, sale and certificate, said company obtained a sheriff's deed for said land, which is the sole ground for its claim of right or title thereto; that said company, from the date of the rendition of said judgment and decree continuously ever since, received, collected and appropriated to its own use all the rents, profits and issues of said land, in value more than $5,000, and greatly in excess of the mortgage indebtedness, interest, costs and attorneys' fees; that said Alvey is now in possession of said land under some contract or conveyance from said insurance company, and not from any other authority, and is collecting and receiving the rents, issues and profits thereof; that subsequently to the execution of said mortgage and deed of conveyance made by appellee, and prior to the commencement of said suit to fore-

close said mortgage, appellee was by proper proceedings adjudged insane, and confined in the asylum for the insane at Logansport, and there remained until after said judgment of foreclosure was rendered, said receiver appointed, possession of the land taken by said receiver, order of sale issued, and the land sold by the sheriff, and all without any notice to him, his guardian or representative. Appellee also filed a supplemental complaint, asking that the court take into the accounting the rents and profits of said land arising after the filing of the original complaint.

On this paragraph an accounting of the rents and profits of said land while in possession of appellants was demanded; appellee further prayed that he be permitted to redeem said land from said sheriff's sale by paying such sum as the court should find to be due, and that he have possession thereof, or that his title to said land be quieted, subject to any amount found due appellants by reason of said mortgage indebtedness, after deducting said rents and profits while in their possession, and for any and all other relief to which he may be entitled either at law or in equity.

To this complaint and supplemental complaint appellant Aetna Life Insurance Company answered in three paragraphs: (1) A general denial; (2) averring that appellee's cause of action did not accrue within six years next before the beginning of this action; and (3) averring that the judgment and decree mentioned in the second paragraph of the complaint was still in full force and effect; that appellee had no interest in said land after his said conveyance, and the sale of said land by the sheriff to said Aetna Life Insurance Company for $3,781, and that no sum was thereafter paid by any person to redeem said land, and denying any knowledge that appellee was claiming any interest in said land; that on March 1, 1895, said insurance company sold and conveyed said land to its coäppellant Alvey, receiving therefor $.... in cash and two notes, one for $2,000 due March 1, 1900, and one for $3,000 due March 1, 1905,

said notes being executed by Alvey and being secured by a mortgage on the land, which notes are unpaid and the mortgage a lien on the land prior to any claim of appellee or said Alvey; that said Alvey is the owner and in possession of said land, and praying a decree that its said notes and mortgage be declared a first and valid lien, etc.

Appellant Alvey answered appellee's complaint and supplemental complaint in two paragraphs: (1) By general denial; (2) by averring practically the same facts as set forth in the insurance company's third paragraph of answer, and in addition, that said company, on receiving said sheriff's deed, took and kept possession of said real estate, paid the taxes thereon and ditch assessments, and made improvements on same, and thereafter sold, conveyed and put him in possession thereof, which he now holds by virtue of his said purchase; that he has paid taxes and other assessments, and made valuable and lasting improvements thereon. Other averments are found in the answer, to the effect that appellee was of sound mind at the time he executed the deed mentioned in his second paragraph of complaint; that he, Alvey, is the owner of the land, and, by reason of certain averred facts, appellee was thereby estopped to claim any right or interest therein, and demanding that he be declared the owner thereof.

Appellee replied to the second and third paragraphs of answer of appellant company by general denial; and to the third paragraph by alleging practically the same facts as those in the second paragraph of complaint relative to the execution of the mortgage and proceedings thereafter leading up to the execution of a sheriff's deed, a conveyance of the land by him to certain grantees, the institution of a suit to set that conveyance aside, and to quiet his title terminating in his favor, the filing of a *lis pendens* notice and knowledge of his claim of title on the part of said insurance company prior to its acceptance of the notes

and mortgage from Alvey, and denying all averments not admitted or not referred to specially by the reply. To Alvey's second paragraph of answer he replied by a denial.

The issues thus formed were submitted to the court for trial, and upon request special findings were made. Conclusions of law were stated thereon in favor of appellee, followed by a decree that appellee be allowed to redeem said land from the sale made by the sheriff on December 19, 1891, by the payment of $4,645.68 within one hundred twenty days to the clerk of the Starke Circuit Court, and upon such payment appellee was given the right to take possession, and from thence on his title quieted against the deed executed by said sheriff to said Aetna Life Insurance Company, and against each of said appellants. The court also ordered that upon failure of appellee to redeem said land within one hundred twenty days his interest be foreclosed, and the sheriff's deed made valid and binding on appellee and sufficient to convey all his right, title and interest in said land as fully and completely as if the right to redeem had not been granted. It was further ordered that should said land be redeemed in accordance with the terms of the judgment, appellant Alvey was to have the tenant's share, viz., three-fifths of the wheat raised on the land, with the right to enter thereon and harvest and thresh the same. All other crops on the premises were to be the property of said Alvey.

The pleadings and judgment in this case, other than the judgment overruling appellants' motion for a new trial, as of right, cover more than thirty-four pages of closely 2. typewritten matter, the substance of which we have endeavored to set forth in this opinion, and thereby exhibit the questions presented to the trial court for decision. The record also contains special findings and conclusions of law, and clearly indicates the theory upon which the suit was tried. It was a case of equitable cognizance (*Carpenter* v. *Willard Library* [1901], 26 Ind. App. 619),

to be worked out in a court of equity having power to do exact justice between the parties without being circumscribed by any fast or technical rule. When this case was before this court upon questions of law arising during the trial, the second paragraph of the complaint was treated not only as a suit to quiet title, but as a suit to be allowed to redeem the land from the sheriff's sale and for an accounting (*Aetna Life Ins. Co.* v. *Stryker* [1906], 38 Ind. App. 312), and it was then ruled "that the cause was tried upon the theory of an equitable proceeding to redeem the land from the foreclosure sale, as well as to quiet the title thereto." It is true that the nature of an action must be determined from the general character and scope of the pleadings, and good pleading demands that a single paragraph state but one cause of action; but should a single paragraph state more than one cause, which it may do (*Mark* v. *North* [1902], 155 Ind. 575), and upon trial the facts as to all are submitted to the court, and from the judgment rendered it clearly appears that full relief was granted, there is no rule of law requiring or authorizing appellate tribunals to disregard allegations of fact constituting a substantive cause of action simply because they are found in the same paragraph with allegations authorizing different relief, and especially is this true when applied to suits in equity. Therefore, if the second paragraph of the complaint stated a good cause of action for possession and to quiet title, and other prominent and leading facts sufficient to state another cause of action, and the record affirmatively shows that all were submitted, tried and determined by the court, all must be considered in determining the right of a party to a new trial as of right, regardless of the fact whether such various causes of action were stated in one or more paragraphs. The facts pleaded, in this case, other than those relative to possession and to quiet title warrant the conclusion that appellee was the owner of certain land in Starke county, to the

knowledge of appellant Aetna Life Insurance Company, while it was still a lien holder, and that such ownership was not impaired by the foreclosure proceedings, nor by any act of appellee, and being the owner of the land, he was entitled to redeem from the foreclosure sale; that appellant Alvey purchased the land from said insurance company, notwithstanding notice by *lis pendens* that appellee was the real owner, which notice has been held to be equivalent to actual notice (*Wilson* v. *Hefflin* [1881], 81 Ind. 35); that appellants had possession of the land continuously since the year 1891, and received and appropriated to their own use the rents, issues and profits thereof, in value more than $5,000, and more than sufficient to pay the principal and interest of the mortgage indebtedness, including all costs and attorneys' fees. The answers to this paragraph sought to have the court consider taxes and ditch assessments paid by appellants, and other valuable and lasting improvements made on the land, in reduction of appellee's claim for rents and profits; and the finding of facts in the record before us shows that these items were considered. Clearly the right to redeem may be enforced by a suit for that purpose (*Watts* v. *Julian* [1890], 122 Ind. 124), and, construing the pleadings in connection with the judgment of the trial court, we are of the opinion that an action to redeem the land from the foreclosure sale was presented, considered and determined along with the right to possession and to quiet title. Had this been a suit solely to redeem, no one would seriously contend that a new trial, as of right, should be granted. And, having determined that this cause proceeded to judgment embracing an action to redeem, from which a new trial, as of right, is not allowed, under the rules heretofore stated, the trial court did not err in overruling the motion of each appellant.

Judgment affirmed.