IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1912, AND NOVEMBER
TERM, 1912, IN THE NINETY-SIXTH AND NINETY-
SEVENTH YEARS OF THE STATE.

### LARRANCE *v.* LEWIS.

[No. 7,674. Filed June 18, 1912.]

1. DEEDS.—*Unrecorded Conveyance.—Validity.—Subsequent Pur-
chasers.*—While under §3962 Burns 1908, §2931 R. S. 1881, an
unrecorded conveyance of an interest in real estate is void as to
subsequent purchasers, lessees and mortgagees in good faith and
for a valuable consideration, it is valid as to all other persons.
p. 4.

2. VENDOR AND PURCHASER.—*Bona Fide Purchaser.—Notice.*—A
purchaser is bound to take notice of the terms and recitals in the
prior deeds which constitute his chain of title, and in law he is
presumed to have examined such deeds. p. 5.

3. VENDOR AND PURCHASER.—*Bona Fide Purchaser.—Notice.*—In an
action to enjoin defendant from removing timber from plaintiff's
land, an answer alleging that at the time plaintiff purchased the
land he was fully informed of the fact that defendant had pur-
chased the timber and had a right to enter upon the real estate
and remove the same, and that he was at that time in possession
of and removing said timber, and that plaintiff accepted the con-
veyance with such full knowledge, was sufficient, as against a
demurrer, to show that plaintiff was not a *bona fide* purchaser of
the timber as against the claim of defendant. pp. 5, 6.

4. CONTRACTS.—*Validity.—Acknowledgment.*—A contract is good,
as between the parties, without an acknowledgment. p. 5.

5. PLEADING.—*Demurrer.—Admission.*—A demurrer to a pleading,
for the purposes of the ruling thereon, admits that the facts well
pleaded are true. p. 6.

6. NEW TRIAL.—*New Trial as of Right.*—Where two causes of
action are joined, and proceed to judgment in the same case, in

one of which a new trial is allowable as of right and in the other it is not, the statute (§1110 Burns 1908, §1064 R. S. 1881) is not applicable and a new trial as of right will not be granted. p. 6.

7. APPEAL.—*Review.*—*Questions Not Presented in Trial Court.*— *Presumption.*—*Authority of Special Judge.*—Under the presumption in favor of the regularity of all proceedings of all courts of record, the record on appeal need not show the manner of the appointment of a special judge, and where no objection was made to such appointment and no question was raised below as to the regularity of such appointment, nor as to the authority of such judge to act, all such objections are deemed waived. p. 7.

From Vermillion Circuit Court; *Gould C. Rheuby,* Special Judge.

Action by Paris H. Larrance against Mark Lewis. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*E. E. Neel* and *A. T. Livengood,* for appellant.

*Hugh H. Conley, Paul H. Conley* and *W. Bert Conley,* for appellee.

FELT, J.—The nature of this action and the questions raised by the appeal are best presented by a summary of the pleadings filed in the case.

Appellant's complaint is in two paragraphs, each of which is, in substance, as follows: That appellant is the owner in fee simple and entitled to the possession of certain described real estate, situated in Vermillion county, Indiana; that appellee is unlawfully holding possession of the same and claiming an interest in said real estate, which claim is wholly without right; that said claim is adverse to appellant and a cloud on his title; that appellant, before bringing this action, made a demand on appellee for possession of said real estate, which demand was refused; that while in possession of the premises, appellee has, without right, removed valuable timber from the same; that he is still removing valuable timber therefrom, and will continue so to do unless enjoined. Wherefore appellant asks for damages, for possession of said premises, that

his title thereto be quieted, and that appellee be enjoined from further removing said timber.

The complaint was verified, and on application a temporary restraining order was issued and a bond duly executed. Afterwards on motion the restraining order was dissolved.

Appellee filed a general denial and a special paragraph of answer, in which he admitted that appellant was the owner of the real estate described in the complaint, but averred that prior to the time appellant purchased said real estate, appellee purchased of the owners, C. F. Haworth and William Bennett, all the timber in the section in which the real estate in controversy is situated, except four trees, which were reserved by the contract; that at the time appellant's grantor, Hall, purchased of said Bennett and wife the land described in the complaint, the timber on said land was reserved by the terms of the deed and did not pass to said Hall; that, by mutual mistake of all the parties thereto, the clause in said deed so reserving said timber did not describe the tract of land on which the timber was located, but described a different tract also conveyed in said deed, and on which there was no timber; that at the time of said conveyance said Haworth also owned some interest in said timber; that after said conveyance said Hall made no claims to the timber in question, but recognized that the same had been reserved; that before the conveyance of the real estate from said Hall to appellant, appellee, with Hall's knowledge and consent, entered on said premises, took possession of the timber thereon, and began the removal of the same; that such possession of said timber and work in cutting and removing the same was open, obvious and notorious, and was continuous and in full operation at the time appellant purchased said real estate from said Hall, and for some time thereafter, without objection on the part of appellant; that at the time appellant purchased said real estate he was fully informed of the fact that appellee had purchased said tim-

ber, and that he had the right to enter on said real estate and remove the timber therefrom; that appellant accepted such conveyance with full knowledge of the fact that said timber had previously been sold to appellee and belonged to him, and that he had the right to remove the same; that appellee claims no interest in said real estate, except the license given him by said contract to enter on said land, and to cut and remove said timber. A copy of the contract for the sale of the timber was filed with the complaint as an exhibit.

Appellant's demurrer to this answer was overruled, and issues were joined by a reply in general denial. The cause was tried before a special judge, who found for appellee.

The first question presented by the appeal is the alleged error of the court in overruling appellant's demurrer to the second paragraph of appellee's answer.

In attacking this answer appellant has presented several propositions of law about which there is no controversy.

The fourth proposition, which presents the only controverted question, is that "conveyances of any interest in lands shall be, by deed in writing, subscribed, sealed and duly acknowledged by the grantor or his attorney."

It is conceded by appellee that a contract for the sale of growing timber is a contract for the sale of an interest in real estate, and must be in writing to bind either party. The contract here involved is in writing, and is signed by the parties thereto. The question then arises: Should the contract have been acknowledged and recorded in order to bind appellant?

1. An unrecorded conveyance of an interest in real estate is valid as against every person except subsequent purchasers, lessees and mortgagees in good faith and for a valuable consideration. §3962 Burns 1908, §2931 R. S. 1881; *State Bank, etc.,* v. *Backus* (1903), 160 Ind. 682, 694, 67 N. E. 512; *Sills* v. *Lawson* (1892), 133 Ind. 137, 141, 32 N. E. 875.

In *Mueller* v. *Brigham* (1881), 53 Wis. 173, 10 N. W. 366, the supreme court of Wisconsin had under consideration a statute similar to §3962, *supra*, and there held, that "to purchase in good faith is to purchase without knowledge of the outstanding incumbrances, or any information sufficient to put the purchaser upon inquiry." Furthermore, the deed to appellant's grantor is shown to have contained a clause reserving the timber in question.

A purchaser is bound to take notice of the terms and recitals in the prior deeds which constitute his chain of title, and in law he is presumed to have examined such 2. deeds. *Gregory* v. *Armes* (1911), 48 Ind. App. 562, 96 N. E. 196, 199; *Oglebay* v. *Todd* (1906), 166 Ind. 250, 255, 76 N. E. 238; *Wagner* v. *Winter* (1890), 122 Ind. 57, 62, 23 N. E. 754; *Hazlett* v. *Sinclair* (1881), 76 Ind. 488, 493, 40 Am. Rep. 254.

This provision of the deed was enough to put appellant on inquiry, and to suggest to him that such reservation was intended to apply to the land on which there was no timber rather than to a portion on which there was no timber. 3. These facts; coupled with the averments that appellant purchased the land with notice and full knowledge of the rights of appellee to said timber, and that the same was at the time of such purchase being cut and removed in pursuance of such right, are sufficient to show that appellant was not a *bona fide* purchaser of such timber, as against the claim of appellee. *Salmon* v. *Norris* (1903), 81 N. Y. Supp. 892, 895, 82 App. Dis. 362; *Gerow* v. *Castello* (1888), 11 Colo. 560, 19 Pac. 505, 7 Am. St. 260; *Manley* v. *Tow* (1901), 110 Fed. 241, 254.

As between the parties, the contract was good, even without an acknowledgment. *Wines* v. *Woods* (1887), 4. 109 Ind. 291, 10 N. E. 399; *Bever* v. *North* (1886), 107 Ind. 544, 8 N. E. 576; *Blair* v. *Whittaker* (1903), 31 Ind. App. 664, 671, 69 N. E. 182.

Appellee's second paragraph of answer charges "that at

the time the plaintiff [appellant] purchased said real estate of said Hall, he was fully informed of the fact that the defendant [appellee] had purchased said timber and had full knowledge of the fact that said timber had been sold to him, the defendant, and that the defendant had the right to enter upon said real estate and remove the timber and that he was at that time in possession of and removing said timber, and took and accepted such conveyance with such full knowledge that said timber belonged to the defendant and that he had the right to remove the same.'' These averments are sufficient to charge appellant with notice and knowledge of appellee's ownership of the timber, and of his possession of the premises for the purpose of removing the same, and to make his purchase of the land subject to appellee's right to said timber.

The demurrer admits, for the purposes of the ruling thereon, that the facts well-pleaded are true, and we therefore hold the answer good. *State, ex rel.,* v. *Hall* (1909), 173 Ind. 145, 147, 89 N. E. 855; *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 223, 74 N. E. 1081; *Stahl* v. *Illinois Oil Co.* (1910), 45 Ind. App. 211, 214, 90 N. E. 632.

Appellant next contends that the court erred in overruling the motion for a new trial as of right. Where two causes of action are joined, and proceed to judgment in the same case, in one of which a new trial is allowable as of right and in the other it is not, the statute is not applicable, and a new trial as of right will not be granted. *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 50 N. E. 748; *Garrick* v. *Garrick* (1909), 43 Ind. App. 585, 590, 87 N. E. 696, 88 N. E. 104; *Aetna Life Ins. Co.* v. *Stryker* (1908), 42 Ind. App. 57, 83 N. E. 647; *Bonham* v. *Doyle* (1907), 39 Ind. App. 434, 438, 77 N. E. 858.

While appellant in his complaint prayed that his title to the property therein described be quieted as against appellee,

he also asked damages for the removal of timber from said lands, and for injunctive relief against the further removal of the same. The substantive facts set out in the complaint are sufficient to state a good cause of action for the relief prayed, in addition to the request that the title be quieted.

Appellee specifically admits appellant's title to the real estate in question, and the principal controversy at the trial centered about appellee's rights to certain timber thereon, title to the lands being only incidentally involved. In such situation a new trial as of right is not demandable. *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80, 86, 34 N. E. 737; *Butler University* v. *Conard* (1884), 94 Ind. 353; *Bradford* v. *School Town of Marion* (1886), 107 Ind. 280, 7 N. E. 256; *Hofferbert* v. *Williams* (1904), 32 Ind. App. 593, 70 N. E. 405; *Schlichter* v. *Taylor* (1903), 31 Ind. App. 164, 169, 67 N. E. 556.

Appellant suggests in his brief that the special judge who tried the case and rendered judgment at the May term had no authority to act on the motion for a new trial as of right, filed and ruled on at the succeeding October term. The question of the authority of such special judge to rule upon such motion, without a new appointment, at a term subsequent to that at which final judgment was rendered in the case, is not presented by the record. The presumption is in favor of the regularity of the proceedings of all courts of record. Where no objection was made to a special judge, and no questions were raised below, as to the regularity of his appointment or his authority to act, the record on appeal need not show the manner of his appointment, and all objections to the regularity of his appointment and the legality of the proceedings before him will be deemed waived. *Perry* v. *Pernet* (1905), 165 Ind. 67, 70, 74 N. E. 609, 6 Ann. Cas. 533; *Lillie* v. *Trentman* (1891), 130 Ind. 16, 21, 29 N. E. 405; *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 620, 78 N. E. 845, 119 Am. St. 524; *Schlungga*

v. *State* (1888), 113 Ind. 295, 296, 15 N. E. 269; *State Bldg., etc., Assn.* v. *Brackin* (1901), 27 Ind. App. 677, 683, 62 N. E. 91.

Finding no available error in the record, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 892. See, also, under (1) 13 Cyc. 595; (2) 39 Cyc. 1713; (3) 39 Cyc. 1778; (4) 1 Cyc. 514; (5) 31 Cyc. 333; (6) 29 Cyc. 1037; (7) 2 Cyc. 660. As to possession as notice where deed is not recorded, see 104 Am. St. 345.